**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PHILLIP DOMINIC CASCIOLA,

    Petitioner,

v.                                          CASE NO: 8:13-CV-1300-T-30TGW

SECRETARY, FLORIDA DEPARTMENT
OF CORRRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court upon Phillip Dominic Casciola's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the Petition (CV Dkt. #1), the State's Response (Dkt. #5), and the Petitioner's Reply (Dkt. #10) and concludes the Petition should be denied.

**Background**

This petition concerns Casciola's conviction in two different cases. Manatee County case number 05-CF-4596, filed on November 30, 2005, charged Casciola with one count of Organized Scheme to Defraud in violation of Florida Statute § 817.034(4)(a)(1). Manatee County case number 06-CF-3525, filed on October 9, 2006, charged Casciola with one count of Fraud in violation of Florida Statute § 626.561(1) & (3)(d) and one count of Organized Scheme to Defraud in violation of Florida Statute § 817.034(4)(a)(1). During

his arraignment for case 06-CF-3525, Casciola informed the court he was going to have the same private attorneys, Steven Lavely and Matt Whyte, represent him in both cases.

Casciola later appeared in court with Whyte and pled guilty to all three charges. Attorney Whyte told the court that neither he nor Lavely filed a notice of appearance or conducted discovery in case number 06-CF-3525. Whyte stated he was resolving the matter concurrently and on the same terms with the first case as a courtesy to Casciola. Although not formally representing Casciola in case 06-CF-3525, Whyte explained to the Court that he went over both of the plea forms and the Waiver of Rights form with his client.

Casciola's plea agreement covered all three charges. It called for him to pay restitution followed by two years of Community Control and eight years of probation. If Casciola failed to comply by all terms in his plea agreement, the State would not be bound and could recommend any lawful sentence. And Casciola agreed he would not be able to withdraw his plea of guilt leaving the court free to impose any sentence permissible under the law.

Casciola agreed to have his restitution paid by the time of sentencing, but after at least one continuance, he still had not paid. He claimed the IRS had placed a lien on his home and he was unable to borrow against it as he initially anticipated. The court then sentenced Casciola to a total of twenty-two years in prison followed by ten years of probation. Casciola was awarded another sixty days to pay restitution and obtain the benefits of the plea agreement but he failed to comply.

Casciola pursued a direct appeal raising one claim: Whether the trial court erred by rejecting Petitioner's motion to continue the sentencing hearing for thirty days to allow him to obtain the funds to pay restitution. Several months later the Petitioner filed a motion to amend the initial brief to include an issue based on the trial court's failure to conduct a *Faretta* inquiry. The motion to amend was denied and the appeal was affirmed without opinion. *Casciola v. State*, 11 So. 3d 946 (Fla. 2d DCA 2008).

Casciola then filed a motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). A hearing was held and the state circuit court entered an order denying the motion. Casciola attempted to appeal the motion and the appellate court dismissed the appeal. *Casciola v. State*, 37 So. 2d 347 (Fla. 2d DCA 2010). Review by the Florida Supreme Court was sought but was unsuccessful.

Casciola, represented by counsel, filed a post-conviction motion for relief pursuant to Florida Rule of Criminal Procedure 3.850 claiming:

1. The plea agreement between the State of Florida and the Defendant was never a fully formed contract and was void from its inception since the essential terms remained open.

2. If there was a valid plea agreement, then the Defendant was entitled to an evidentiary hearing when the State had to prove that a willful and substantial non-compliance of the agreement occurred.

3. The Defendant's plea was not freely and voluntarily entered because he did not know that his scoresheet required a mandatory prison sentence.

The state circuit court denied Casciola's claims without an evidentiary hearing. Casciola appealed and the decision was affirmed by the Second District Court of Appeal without an opinion. *Casciola v. State*, 69 So. 3d 283 (Fla. 2d DCA 2010). Casciola then filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) and (b). A hearing was held and the motion was denied. Casciola appealed. The Second District Court of Appeal affirmed without an opinion. *Casciola v. State*, 108 So. 3d 1088 (Fla. 2d DCA 2012).

A petition for "writ of habeas corpus, certiorari, or any other applicable writ" was filed in the Second District Court of Appeal. Casciola asserted he had not been represented by counsel in case number 06-CF-3525. The petition was dismissed as untimely. *Casciola v. State*, 83 So. 2d 719 (Fla. 2d DCA 2012). Another motion for post-conviction relief was filed pursuant to Florida Rule of Criminal Procedure 3.850, but was denied for being untimely, successive, and procedurally defaulted. The order was appealed and affirmed by the Second District Court of Appeal. *Casciola v. State*, 103 So. 3d 155 (Fla. 2d DCA 2012).

Now, Petitioner has timely filed this § 2254 petition for habeas relief (CV Dkt. #1) raising the following grounds:

1. Petitioner was denied effective assistance of counsel by the court not conducting a *Faretta* inquiry while knowing he lacked representation for the charges in case 06-CF-3525.

2. The disparity between Casciola's sentence and the recommendation in the plea agreement was too great.

3. The court was unjustified in sentencing Casciola to twenty-two years of incarceration for not complying with the restitution requirements of his plea agreement when he was unable to do so.

**Exhaustion and Default**

A petitioner seeking writ of habeas corpus must exhaust the remedies available in state courts. 28 U.S.C. § 2254. Casciola has proceeded through both direct appeal and post-conviction proceedings at both the trial court and appellate levels. He has petitioned the Florida Supreme Court for review with no success. Casciola's state court remedies are exhausted.

A petitioner may procedurally default when he fails to raise his federal claims during state court appeals or fails to make all of his state appeals in a timely manner. *U.S. ex rel. Redding v. Godinez*, 900 F. Supp. 945, 948 (N.D. Ill. 1995). However, there are exceptions to the rule that a petitioner cannot bring a claim that has been procedurally defaulted. A petitioner may still obtain federal habeas corpus review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).

Casciola claims that his counsel was ineffective at both the trial level and during his initial-review collateral proceeding for post-conviction relief (CV Dkt. #1). As inadequate assistance of counsel at initial-review collateral proceedings may establish cause for Casciola's procedural default of a claim of ineffective assistance at trial, this Court will proceed to address the merits of his claims. *Martinez*, 132 S. Ct. at 1315 (2012).

**Ineffective Assistance of Counsel**

Effective assistance of counsel is guaranteed by the Sixth Amendment. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The standard for determining an ineffective assistance of counsel claim is whether counsel's conduct undermined the judicial process to the point it cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An attorney is presumed to be competent so the petitioner has the burden of demonstrating he was deprived of effective counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

Vacating a conviction because of ineffective counsel requires the petitioner establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The focus in the first prong is not whether counsel could have made a different decision but only whether counsel's performance was reasonable. *See Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). Prejudice in the second prong is defined as the petitioner being able to show there is a reasonable probability, but for counsel's unreasonable error, the result would have been different. *Strickland*, 466 U.S. at 694. Evaluation of an effectiveness claim does not require the analysis to be conducted in any particular order and the court is not required to address both components of the inquiry should the petitioner fail in making a sufficient showing on one. *Strickland*, 466 U.S. at 697.

**Claim 1**

Casciola argues he was denied effective assistance of counsel by the trial court's failure to conduct a *Faretta* inquiry while knowing he lacked representation for the charges

in case 06-CF-3525. In fairness to the trial court, Casciola was responsible for his lack of representation. Casciola told the court during his arraignment in case 06-CF-3525 that he would be enlisting the help of the same private counsel who was representing him in case 05-CF-4596. It was not until his change of plea hearing that Attorney Whyte mentioned he had not conducted discovery or filed a notice of appearance in case 06-CF-3525. Whyte stated that he had gone over both plea forms and the Waiver of Rights form with Casciola and was resolving both matters as a courtesy to his client.

It is the court's duty during a *Faretta* hearing to inform the defendant of the nature of the charges against him, possible punishments, basic trial procedure, and the hazards of representing himself. *United States v. Kimball*, 291 F.3d 726, 730 (11th Cir. 2002). The hazards of representing oneself at trial are not at issue because it was not Casciola's intention to proceed to trial. Casciola was informed numerous times about the nature of the charges against him and the court warned about the possibility of receiving up to thirty years in prison during his plea colloquy. The outcome of case 06-CF-3525 resulted from the same agreement he reached in the case where he had full representation: no prison sentence in exchange for a guilty plea and payment of restitution. The reason Casciola is incarcerated is because he failed to pay restitution as agreed, not because he did or did not have a lawyer.

Casciola does not complain that his lawyer was ineffective in his first case. And he has not demonstrated there is a reasonable probability his outcome would have been different if the court would have appointed him counsel or conducted a *Faretta* inquiry for case 06-CF-3525. Therefore, he is not entitled to relief on this claim.

**Claim 2**

Casciola argues that the disparity between his actual sentence and the recommendation in his plea agreement was too great. Under Section 2254(a), this Court is only permitted to entertain habeas petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (U.S. 2011). This claim about sentencing does not concern a Constitutional violation. Therefore, it is not cognizable on federal habeas review.

**Claim 3**

Casciola alleges the court was unjustified in sentencing him to twenty-two years of incarceration for not complying with the restitution requirements of his plea agreement when he was unable to do so. Again, this Court is unable to entertain this claim for relief because it does not allege a violation of the Constitution, laws, or treaties of the United States. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (U.S. 2011). Therefore, the Petitioner is not entitled to relief on this claim.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for the Respondents, terminate any pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2013\13-cv-1300 deny 2254.docx